# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**DERRICK HILL and VIRGIE HILL**,

    Plaintiffs,

v.

**MIKE DEWEY, et al.,**

    Defendants.

Civil Action No. 7:18-CV-21 (HL)

# ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 26) and Plaintiffs' Motion to Substitute Party (Doc. 29). Plaintiffs Derrick and Virgie Hill filed a pro se complaint for alleged violations of their civil rights under 42 U.S.C. § 1983. (Doc. 1). Plaintiffs allege that Defendants Terry Griffin, Will Cope, Jerry Miller, Anthony Branham, and Mike Dewey executed an invalid search warrant, and thus their subsequent search and seizure violated the Fourth Amendment. (*Id.*). Defendants' Motion argues that Plaintiffs' Complaint failed to state a claim because 1) Defendants executed "a valid search warrant supported by probable cause"; and 2) even if a Fourth Amendment violation occurred, qualified immunity bars Plaintiffs' claims. (Doc. 26). The Court **GRANTS** Defendants' Motion to Dismiss. (*Id.*). Plaintiffs' Motion to Substitute Party is **DISMISSED** as moot. (Doc. 29).

## I. FACTUAL BACKGROUND

On April 12, 2017, the Brooks County, Georgia Magistrate Judge issued a search warrant for 1100 West Bay Street, Quitman, Georgia. (Doc. 26-2). This address is Plaintiff Vergie Hill's residence. (Doc. 1). The warrant also authorized search and seizure of Plaintiff Derrick Hill. (Doc. 26-2). Defendant Wilbur Cope, as Special Agent, provided his affidavit for the search warrant application. (Doc. 26-3). The Magistrate Judge relied upon that affidavit and its information when determining whether probable cause existed to issue the warrant.[1] (*Id.*). The affidavit details Defendant Cope's experience in law enforcement and drug investigations. (Doc. 26-3, p. 1–2). With regard to Plaintiffs, Defendant Cope submitted a few paragraphs, relaying information from a confidential informant ("CI"):

> Informant advised that it has seen marijuana and cocaine being kept at the above named premises within the last 72 hours. Informant is familiar with what marijuana and cocaine looks like. CI has seen marijuana and cocaine being stored at the above mentioned premises within the past 72 hours in the possession of Derrick Chenier Hill.
>
> CI has provided information to Law Enforcement in the past that has led to recovery of marijuana, cocaine and other narcotics.

---

[1] Defendant Cope's affidavit is dated March 12, 2:50 P.M. (Doc. 26-3, p. 3). The search warrant, however, is dated April 12, 2:50 P.M. (Doc. 26-2, p. 1). On the search warrant, the Magistrate Judge had initially written "March" on the month line, but he marked through "March" and corrected the date to "April." (Doc. 26-3, p. 3). The Court assumes the affidavit's March 12 date is merely a mistake, and the correct date for both the affidavit and search warrant is April 12.

> Upon independent investigation affiant found that the above described location does exist as described by affiant.

(*Id.* at 2–3). Based on Defendant Cope's affidavit, the Magistrate Judge found probable cause existed to search the home and Plaintiff Derrick Hill and issued a warrant. (Doc. 26-2). Members of the Brooks County Sheriff's Office, including Defendants Cope, Griffin, Branham, Miller, and Dewey executed the search warrant. (Doc. 1). Defendants searched the residence, seized Plaintiff Derrick Hill, and searched his person. (*Id.*). The officers seized marijuana and money after searching Plaintiff Derrick Hill. (*Id.*).

Plaintiffs now allege that Defendants "conspired" to execute a facially invalid search warrant that lacked probable cause. (*Id.*). Additionally, Plaintiffs allege that Defendants fabricated both the existence of a CI and the information provided in Defendant Cope's affidavit. (*Id.*). According to Plaintiffs, Defendant Cope's affidavit sought to mislead the Magistrate Judge because Defendants "knew the information was false or would have known [it] was false, except for their reckless disregard for the truth." (*Id.*). Plaintiffs filed their Complaint on February 5, 2018 for Defendants' alleged Fourth Amendment violations (*Id.*); Defendants' Motion to Dismiss for failure to state a claim followed on February 28, 2019. (Doc. 26).

## II. MOTION TO DISMISS STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, a court must accept the facts alleged in the plaintiff's complaint as true and construe all reasonable

3

inferences in the light most favorable to the plaintiff. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271,1273 n.1 (11th Cir. 1999); *see* FED. R. CIV. P. 12(b)(6). To avoid dismissal, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint need not contain detailed factual allegations, but it must provide "more than labels or conclusions." *Twombly*, 550 U.S. at 554. "Threadbare recitals" of a cause of action's elements, "supported by mere conclusory statements," are insufficient. *Iqbal*, 556 U.S. at 678. Here, Plaintiffs proceed as *pro se* litigants, and thus, their Complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Dean v. Barber*, 951 F.2d. 1210 (11th Cir. 1992) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1206 (11th Cir. 2019) ("[Courts] liberally construe *pro se* pleadings.").

### III. ANALYSIS

Defendants argue for dismissal of Plaintiffs' Complaint on two grounds. (Doc. 26-1). First, Defendants assert that Plaintiffs failed to state a Fourth Amendment claim because Defendant Cope's affidavit provided probable cause, the Magistrate Judge issued a valid search warrant, and Defendants legally executed the search and seizure authorized by the warrant. (*Id*. at p. 4). Second,

4

if the Court finds the affidavit lacked probable cause, Defendants' assert that qualified immunity still bars Plaintiffs' claims. (*Id.* at p. 8).

### A. Search Warrant Beyond Complaint

Defendants attached exhibits to their Motion to Dismiss including the search warrant and Defendant Cope's affidavit. Defendants argue that their exhibits demonstrate Plaintiffs' failure to state their claims. Plaintiffs did not attach a copy of the affidavit or search warrant to their Complaint. Generally, the district court "must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). The Court may, however, consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the documents are central to the plaintiff's claim, referred to in the complaint, and of undisputed authenticity. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). The search warrant and supporting affidavit satisfy these requirements.[2]

Plaintiffs' principal claim is that the Magistrate Judge issued an invalid search warrant, and consequently, Defendants illegally searched the home and seized Plaintiff Derrick Hill. (Doc. 1). The search warrant and affidavit are central to Plaintiffs' Fourth Amendment claims; the Complaint necessarily discusses the

---

[2] Defendants attached other exhibits as well, including an Incident Report and a document recording the evidence that Defendants collected. (Docs. 26-4, 26-5). Those exhibits are not central to Plaintiffs' claim, and the Court has not considered them.

search warrant and affidavit; and while Plaintiffs challenge the attached warrant's validity, they do not challenge the warrant or affidavit's authenticity. *See* (Docs. 1, 31). The Court will consider the search warrant and affidavit attached to Defendants' Motion without converting it into a motion for summary judgment.[3]

### B. Conclusory Statements

As an initial matter, the Court will dismiss Plaintiffs' claims that lack factual allegations to establish Defendants' liability. On a Rule 12(b)(6) motion, the Court only accepts Plaintiffs' *factual* allegations as true; conclusory statements cannot alone support a complaint. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Plaintiffs do not allege facts to support their allegations that Defendants fabricated a CI; that Defendants knowingly presented fabricated evidence in the affidavit; and that Defendants executed the search warrant knowing it was false. These allegations amount to "mere conclusory statements." *Id.* For example, Plaintiffs have not pointed out specifically which statements in the affidavit were falsified; Plaintiffs did not allege facts demonstrating Defendants' fabrication; and Plaintiffs did not allege how they came to understand that Defendants' fabricated the affidavit. The Court dismisses Plaintiffs' unsupported claims that Defendant Cope fabricated evidence in his affidavit and that other

---

[3] Plaintiffs challenge the authenticity of the *evidence* presented in the affidavit; they do not assert that the warrant or affidavit themselves are falsified documents.

Defendants knew the information was false and executed the search warrant despite its deficiencies.

The Court will address Plaintiffs' remaining claim that the search warrant was invalid because Defendant Cope's affidavit lacked probable cause. The search warrant and affidavit are before the Court, and these documents provide a factual basis from which the Court can evaluate whether Plaintiffs' Complaint states a claim.

### C. Validity of Search Warrant

The Supreme Court has recognized that "[r]easonable minds frequently may differ on the question whether a particular affidavit establishes probable cause." *United States v. Leon*, 468 U.S. 897, 914 (1984). Therefore, when reviewing a search warrant, courts afford "great deference" to the magistrate judge's probable cause determination. *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). That deference, however, is not without limits. Reviewing courts invalidate a warrant when its supporting affidavit did not provide "a substantial basis" for the magistrate judge to conclude that probable cause existed. *Gates*, 462 U.S. at 238–39.

The Court applies a "totality-of-the-circumstances" test to determine whether information obtained from a CI supports probable cause. *Id.* at 230–31. Totality of the circumstances reflects the notion that "probable cause is a fluid concept" and recognizes that law enforcement often must rely upon "[i]nformants' tips [that]

7

doubtless come in many shapes and sizes from many different types of persons." *Id.* at 232. Against this background, the Supreme Court in *Gates* discarded its "rigid," two-pronged test previously followed under *Aguilar v. Texas*, 378 U.S. 108 (1964) and *Spinelli v. United States*, 393 U.S. 410 (1969). *Gates*, 462 U.S. at 230–31. The two-pronged test required a finding that (1) the informant's "basis of knowledge" and (2) his "veracity" or "reliability" each independently supported probable cause. *Id.* at 228–230. Following *Gates*, courts no longer treat these elements "as entirely separate and independent requirements." *Id.* at 230. Rather, a confidential informant's basis of knowledge, veracity, and reliability are "closely intertwined issues" that serve "as relevant considerations in the totality-of-the-circumstances analysis." *Id.* at 230, 233.

Deficiency in any one category will not alone invalidate a search warrant when considering the totality-of-the-circumstances. *Id.* at 233–234. Notably, law enforcement investigation that independently corroborates an informant's tip may overcome the informant's lack of basis of knowledge, veracity, and reliability. *See id.* at 241 ("Our decisions . . . have consistently recognized the value of corroboration of details of an informant's tip by independent police work."). But the nature of the evidence law enforcement corroborates matters. *Cozzi v. City of Birmingham*, 892 F.3d 1288, 1295 (11th Cir. 2018). "[L]aw enforcement's corroboration of innocent and 'presently observable facts' may be insufficient to establish reasonable suspicion, much less probable cause." *Id.* (quoting *United*

States v. Lee, 68 F.3d 1267, 1271 (11th Cir. 1995)). The Supreme Court distinguishes presently observable facts from predictive facts. See Alabama v. White, 496 U.S. 325, 332 (1990) (distinguishing facts observable by "general public" from facts that "predict [a defendant's] future behavior"). The former cannot establish probable cause; but the latter, which predicts a suspect's seemingly innocent, "future behaviors," demonstrates the informant's "inside" knowledge or a "special familiarity" with the suspect's criminal activity. Id. The more private information not readily available to the general public that law enforcement corroborates, the more likely it becomes that the informant has "access to reliable information about that individual's illegal activities." Id.

1. **Reliability, Veracity, and Basis of Knowledge**

Defendants contend that Defendant Cope's affidavit supplied probable cause because: "[w]ithin a very short time prior to the warrant application, [72 hours], a reliable informant reported that drugs were present at the Hill residence and in the control of Plaintiff Derrick Hill. Defendant Cope . . . confirmed the location and description of the property described by the informant who was known to be reliable." (Doc. 26-1, p. 6). Plaintiffs allege that this evidence presented in Defendant Cope's affidavit falls short of probable cause.

First, the fact that Defendant Cope presumably knows the CI's identity along with the CI's history of providing law enforcement information entitles the affidavit to some reliability and veracity. See Ortega v. Christian, 85 F.3d 1521, 1525 (11th

9

Cir. 1996) ("[A] past history between the informant and [law enforcement] could lend support for the informant's veracity and reliability."); *Adams v. Williams*, 407 U.S. 143, 146 (1972) ("The informant was known to [the officer] personally and had provided him with information in the past. This is a stronger case than . . . an anonymous telephone tip."). But here, the affidavit's allegation that the CI provided information "that has led to [the] recovery of marijuana, cocaine, and other narcotics" does not establish the CI's reliability and veracity approaching probable cause.

The affidavit does not disclose the nature of the CI's previous assistance. The number of times the CI reliably provided information is unknown, as well as the quality and attributes of the information. *See United States v. Brundidge*, 170 F.3d 1350, 1353 (11th Cir. 1999) (finding sufficient veracity where affidavit explained that the CI provided information "'at least' eight times" and "the CI was 'truthful and reliable' on each occasion"). From Defendant Cope's affidavit, the Court cannot discern whether the prior information "related to the investigation of [the CI's] own narcotics-related activities or those of other persons, whether that information was important or incidental to those investigations, or whether the information resulted in any search, arrest, or conviction." *United States v. Foree*, 43 F.3d 1572, 1575–76 (11th Cir. 1995); *see United States v. Sorrells*, 714 F.2d 1522, 1528 (11th Cir. 1983) (finding informant's tip reliable because previous tips led to the arrests of "others involved in the crimes" and "they were in possession

of illegal contraband"). Facts suggesting that the CI's information was attenuated from the actual "recovery" of drugs or that the CI's tip emerged when he faced criminal penalties would undermine confidence in the CI's reliability. The affidavit's vague acknowledgment that the CI's information previously "led to [the] recovery" of drugs—without more—only slightly supports the CI's reliability, and thus it receives little weight in the totality-of-the-circumstances analysis. (Doc. 26-3, p. 3).

The search warrant is not invalid solely because the precise nature of the CI's prior assistance is unknown. An informant's "explicit and detailed description of alleged wrongdoing," coupled with a statement that the informant had first-hand knowledge, would entitle the tip "to greater weight" than what otherwise may be given. *Gates*, 462 U.S. at 234. Here, the CI's tip is neither detailed nor explicit. Defendant Cope wrote that the CI "has seen" marijuana and cocaine "being kept" at the premises and generally in Defendant Derrick Hill's "possession." (Doc. 26). The affidavit could have specified whether Plaintiff Derrick Hill intended to sell the drugs or had sold them in the past. The CI could have specified the weight of drugs in his possession, or where, inside the premises the drugs were located. Instead, the affidavit presents the CI's broad, general description of criminal wrongdoing.[4]

---

[4] In cases finding probable cause, courts often point to the CI's direct contact with narcotics. Usually, the CI admits to participating in criminal activity or he works with police to set up a sting operation. *See, e.g.*, *United States v. Taylor*, 688 F. App'x 638, 641 (11th Cir. 2017) (finding search warrant valid where the CI admitted to purchasing cocaine at the address on numerous occasions and law enforcement used the CI "to facilitate" a drug purchase with the defendant); *United States v.*

The CI's basis of knowledge is first-hand, but the probative value of this information is low because the affidavit does not provide detailed descriptions that could further demonstrate the CI's reliability, veracity, and basis of knowledge.

### 2. Law Enforcement Corroboration

Insufficient basis of knowledge, veracity, and reliability does not end the Court's inquiry because independent police corroboration could overcome the CI's deficient information. Defendant Cope's independent investigation verified only that the "location does exists as described." (Doc. 26-3, p. 3). The home's "readily observable location and appearance" identifies the individual the CI sought to accuse, but such information does not sustain the CI's reliability or veracity regarding knowledge of criminal activity. *Florida v. J.L.*, 529 U.S. 266, 272 (2000). Probable cause "requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person." *Id.* And "a person's address" is a "quintessential example[] of innocent and easily observable" fact. *Cozzi*, 892 F.3d at 1296. Defendant Cope's corroboration of the Plaintiffs' address and description of the home's exterior does not confirm the substance of the CI's criminal

---

*Barron-Soto*, 820 F.3d 409, 412–16 (11th Cir. 2016) (finding probable cause to support search warrant where the CI and officer "arranged a delivery of methamphetamine" to the defendant); *Brundidge*, 170 F.3d at 1352 (finding search warrant valid where the CI observed the defendant selling drugs to an acquaintance); *Jones v. United States*, 362 U.S. 257, 268 (1960) (finding search warrant valid where CI admitted he had "purchased narcotics at the apartment" on many occasions), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83 (1980).

allegations. Thus, such corroboration cannot supplement the CI's information to arrive at probable cause. Construing all inferences in the Plaintiffs' favor, Defendant Cope's affidavit did not "provide a substantial basis" for Defendants' subsequent search of the home and Plaintiff Derrick Hill. *Gates*, 462 U.S. at 238–39.

### D. Qualified Immunity

Defendants maintain that even if the search warrant lacked probable cause, Defendants are entitled to qualified immunity and dismissal of Plaintiffs' suit. Qualified immunity offers complete protection for government officials sued in their individual capacities "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Objective reasonableness" is the applicable standard because the immunity is intended to give "officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)) (quotation marks omitted). Courts therefore assess the reasonableness of the official's conduct "in light of the legal rules that were 'clearly established' at the time the action was taken." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)).

To receive qualified immunity, the official first must "prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts

13

occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (quotation marks omitted). Once the official establishes that he was engaged in a "discretionary function," the burden shifts to the plaintiff "to show that the defendant is *not* entitled to qualified immunity." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). The plaintiff must then allege facts demonstrating (1) that the official violated a constitutional right; and (2) that the constitutional right violated was "clearly established" at the time of the alleged violation. *Id.* Although "qualified immunity is typically addressed at the summary judgment stage of a case, it may be raised and considered on a motion to dismiss." *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) (quotation marks omitted). When the plaintiff fails to allege either a constitutional violation or clearly established right, the court may grant the motion to dismiss. *Id.*

Plaintiffs do not dispute that Defendants acted within their discretionary function. And, as stated above, Plaintiffs have sufficiently alleged that the search warrant and affidavit lacked probable cause, rendering the subsequent search and seizure a violation of the Fourth Amendment. Next, the Court analyzes whether that right was clearly established.

A plaintiff can demonstrate that the right violated was clearly established in three ways. First, plaintiffs may show that the United States Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court has already decided "a materially similar case." *Terrell v. Smith*, 668 F.3d 1244, 1256 (11th Cir. 2012) (quoting

14

*Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005)). Second, plaintiffs may point to "a broader, clearly established principle that should control the novel facts of the situation." *Id.* Finally, plaintiffs can argue that the alleged conduct "so obviously violate[s] the constitution that prior case law is unnecessary." *Id.*

Plaintiffs have alleged a broad principle of law: a search warrant is invalid when it was issued based on an affidavit lacking probable cause, and officers relying on an invalid search warrant violate the Fourth Amendment. To be clearly established, the principle must be so clear that "every objectively reasonable" officer facing the same circumstances would know his conduct was illegal. *Corbitt*, 929 F.3d at 1312 ("[T]he unlawfulness must be apparent."). The Supreme Court advises "the clearest indication that the officers acted in an objectively reasonable manner" is "the fact that a neutral magistrate has issued a warrant." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). That by no means suggests an officer, relying on a warrant, could never be held liable. Liability attaches when "no reasonably competent officer would have concluded that a warrant should issue." *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). In other words, officials lose immunity when the search warrant is "based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* (quoting *United States v. Leon*, 468 U.S. 897, 923 (1984)).

Although the Supreme Court and Eleventh Circuit set forth pertinent case law, when it is applied here "every objectively reasonable" officer in the same circumstances would not know his conduct was illegal. *Corbitt*, 929 F.3d at 1312. The "reasonable officer" standard is a low bar. *See Malley*, 475 U.S. at 341 ("[Q]ualified immunity . . . protects all but the plainly incompetent or those who knowingly violate the law."). And the "threshold for establishing" this exception to qualified immunity when relying on a search warrant—is a "high one." *Messerschmidt*, 565 U.S. at 547. While this Court finds that when construing the evidence in Plaintiffs' favor, the affidavit did not support probable cause, the affidavit was not so deficient "as to render official belief in its existence entirely unreasonable." *Id.*

Falling short of probable cause does not mean that the affidavit conveys zero indicia of criminal activity. The bare statement that the informant observed drugs in Plaintiff Derrick Hill's possession, first-hand, within seventy-two hours coupled with the fact that this particular CI's information led to the recovery of drugs in the past could induce a reasonably competent officer to conclude the Magistrate Judge issued a valid warrant. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) ("Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments . . . ."). The affidavit likely satisfies the "less demanding standard" of reasonable suspicion. *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (requiring officers "to articulate more than an inchoate and

unparticularized suspicion or hunch of criminal activity") (citations and quotation marks omitted). Distinguishing between reasonable suspicion and probable cause can be challenging. The task is more difficult still where, as here, a magistrate judge has issued a search warrant and declared that probable cause exists. *See Messerschmidt*, 565 U.S. at 547 ("[A]n officer cannot be expected to question the magistrate's probable-cause determination . . . ." (quoting *Leon*, 468 U.S. at 921)).

When considering "whether the magistrate so obviously erred that any reasonable officer would have recognized the error," the answer in this case, is "no." *Id.* at 556. The Court finds that Defendants' conduct was not "entirely unreasonable." *Id.* at 547. Therefore, qualified immunity applies to bar Plaintiffs' claims.

## IV. CONCLUSION

The Court finds that qualified immunity bars Plaintiffs' § 1983 claims against Defendants. Defendants' Motion to Dismiss is **GRANTED.** (Doc. 26). Plaintiffs' Motion to Substitute Party is dismissed as moot. (Doc. 29).[5]

**SO ORDERED**, this 6th day of April, 2020.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

kac

---

[5] Plaintiffs have also filed a Motion for Extension of Time to File Response. (Doc. 28). That motion is also moot.

17